IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN REISH,** | : | **Civil No. 4:09-CV-1273** |
| | : | |
| **Plaintiff** | : | |
| | : | **(Judge Jones)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **PENNSYLVANIA STATE** | : | |
| **UNIVERSITY, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM OPINION AND ORDER

### I.    Statement of Facts and of the Case

This is an employment discrimination action brought by John Reish against the Pennsylvania State University and other individual Defendants. (Doc. 1) In his complaint Reish alleges that the Defendants engaged in acts of age discrimination against him in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621, and the Pennsylvania Human Relations Act, 43 Pa.C.S. §951. (Id.)

According to Reish's complaint, in 2006 the Plaintiff was employed as a supervisor in the Office of Physical Plant at the Pennsylvania State University, where he was responsible for the maintenance and upkeep of Penn State facilities. In 2006, the parties agree that Penn State commenced progressive disciplinary proceedings, referred to by the acronym HR-78 proceedings, against Reish, proceedings that

culminated in Reish's demotion. While the parties agree to these facts, their interpretation of these events is the stuff of this litigation.

For his part, Reish insists that these HR-78 proceedings masked an attempt to discriminate and retaliate against him because of his age and his assertion of his rights. Reish further alleges that, following these proceedings, Penn State officials engaged in elaborate efforts to conceal and cover-up these alleged discriminatory practices. Penn State, in turn, asserts that this disciplinary proceeding was nothing more than an effort to use progressive discipline to address work-place deficiencies by Reish, and the events which Reish sees as proof of a conspiratorial cover-up are nothing more than enforcement of routine document destruction policies.

These competing views of what transpired at Penn State in Reish's case are now presented to the Court in the context of a multi-faceted discovery dispute between the parties. Reish, who was previously represented by counsel but is now proceeding *pro se*, has filed a battery of different motions, styled as discovery motions, which seek an array of information and relief from the Defendants. (Docs. 40, 42, 44, 46, 48, and 50.) Reish has briefed these manifold discovery motions, (Docs. 41, 43, 45, 47, 49 and 51), and the Defendants have filed a consolidated response in opposition to these requests. (Doc. 55.)

Reish, in turn, has filed a 220 page document which he has styled as a reply. (Doc. 56.) Despite its length, this reply adds little clarity to this dispute. Indeed, in some respects, the thrust of this pleading is difficult to discern, since the document seems to argue the merits of various disputes the Plaintiff has with the Defendants, rather than articulating why Reish is entitled to discovery under the Federal Rules of Civil Procedure. Further, Reish's pleadings actually seems to contradict his complaints regarding the adequacy of discovery in this case, since Reish attaches hundreds of pages of material, apparently gleaned from discovery, to this reply. Reish should remain mindful both of the value of brevity, and the importance of addressing the specific issues before the Court, as he pursues this *pro se* litigation in the future.

Having reviewed these pleadings, for the reasons set forth below, Reish's motions will be granted, in part, and denied, in part.

## II.   Discussion

Several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery, and provides that:

(a) Motion for an Order Compelling Disclosure or Discovery

(1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. . . .

Fed. R. Civ. P. 37(a).

The scope of what type of discovery may be compelled under Rule 37 is defined, in turn, by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> (1) Scope in General.  Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)( C ).

Fed. R. Civ. P. 26(b)(1)

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the court.  Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus,

4

a court's decisions regarding the conduct of discovery, and whether to compel

disclosure of certain information, will be disturbed only upon a showing of an abuse

of discretion. <u>Marroquin-Manriquez v. I.N.S.</u>, 699 F.2d 129, 134 (3d Cir. 1983).This

far-reaching discretion extends to rulings by United States Magistrate Judges on

discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad
> discretion in resolving discovery disputes. <u>See Farmers & Merchs. Nat'l
> Bank v. San Clemente Fin. Group Sec., Inc</u>., 174 F.R.D. 572, 585
> (D.N.J.1997). When a magistrate judge's decision involves a
> discretionary [discovery] matter . . . , "courts in this district have
> determined that the clearly erroneous standard implicitly becomes an
> abuse of discretion standard." <u>Saldi v. Paul Revere Life Ins. Co.</u>, 224
> F.R.D. 169, 174 (E.D.Pa.2004) (citing <u>Scott Paper Co. v. United States</u>,
> 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate
> judge's discovery ruling "is entitled to great deference and is reversible
> only for abuse of discretion." <u>Kresefky v. Panasonic Commc'ns and Sys.
> Co.</u>, 169 F.R.D. 54, 64 (D.N.J.1996); <u>see also Hasbrouck v.
> BankAmerica Hous. Servs.</u>, 190 F.R.D. 42, 44-45 (N.D.N.Y.1999)
> (holding that discovery rulings are reviewed under abuse of discretion
> standard rather than de novo standard); <u>EEOC v. Mr. Gold, Inc.</u>, 223
> F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's
> resolution of discovery disputes deserves substantial deference and
> should be reversed only if there is an abuse of discretion).

<u>Halsey v. Pfeiffer</u>, No. 09-1138,  2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. Thus, at the

outset, it is clear that Rule 26's broad definition of that which can be obtained through

discovery reaches only "nonprivileged matter that is relevant to any party's claim or defense." Therefore, valid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all "relevant information" a concept which is defined in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D.Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D.Kan. 2009).

One other immutable rule defines the court's discretion when ruling on motions to compel discovery. It is clear that the court cannot compel the production of things that do not exist. Nor can the court compel the creation of evidence by parties who

attest that they do not possess the materials sought by an adversary in litigation. See, e.g., AFSCME District Council 47 Health and Welfare Fund v. Ortho-McNeil-Janssen Pharmaceuticals, Inc., No. 08-5904, 2010 WL 5186088 (E.D.Pa. Dec. 21, 2010); Knauss v. Shannon, No. 08-1698, 2009 WL 975251 (M.D.Pa. April 9, 2009). With these legal guideposts in mind, we turn to consideration of Reish's various discovery motions.

### B.      Resolution of Reish's Discovery Motions

#### 1.      Reish May Not Compel Production of Materials That Do Not Exist

At the outset, Reish has filed three speculative discovery motions which seek an array of data. For example, Reish surmises that someone provided information from his HR-78 proceedings to University counsel, who allegedly used that information to cross examine Reish in the course of other proceedings. Reish demands disclosure of the identities of those responsible for this alleged misconduct. (Doc. 40.) In addition, Reish asserts that he has been denied access to records that he believes exist which he describes as "William Sotter's Scott Dunlap and Kerry Phillip's Sexual harassment grievance."  Reish then calls for production of these records. (Doc. 44.) Finally, Reish demands production of other records that he speculates exist; specifically, records detailing access to Penn state personnel files. (Docs. 50 and 51.)

With respect to each of these discovery requests the Defendants have represented that no such documents or information exists. (Doc. 55, pp. 10-11, 14-15, and 21.) As we have noted, this Court cannot compel the production of things that do not exist. Nor can the Court compel the creation of evidence by parties who attest that they do not possess the materials sought by an adversary in litigation. See, e.g., AFSCME District Council 47 Health and Welfare Fund v. Ortho-McNeil-Janssen Pharmaceuticals, Inc., No. 08-5904, 2010 WL 5186088 (E.D.Pa. Dec. 21, 2010); Knauss v. Shannon, No. 08-1698, 2009 WL 975251 (M.D.Pa. April 9, 2009). Therefore, the Defendants' assertion that they do not possess any responsive records that meet the description of the records sought by Reish in these motions compels us to deny these specific requests. While we deny these particulars requests, we note that the parties have an on-going responsibility to supplement their discovery disclosures. Rule 26 of the Federal Rules of Civil Procedure imposes this obligation on all parties and provides that:

**(e) Supplementing Disclosures and Responses.**

**(1) *In General.*** A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:

**(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the

additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

**(B)** as ordered by the court

Fed. R. Civ. P. 26(e). Thus, while we deny these motions at this time in light of the Defendants' response, all parties are directed to continue to comply with the provisions of Rule 26(e) and make prompt disclosure of any additional relevant, responsive materials which they may encounter in the course of this litigation.

## 2.   Reish is Entitled to Limited Disclosure of Personnel File Information

Reish has also filed a discovery motion (Doc. 42) which seeks the disclosure of the Penn State personnel files of two Defendants–Susan Rutan and Gregory Anderson–as well as the personnel file of another Penn State employee, Steve Brisker. Reish attempts to justify this request on two grounds: first, claiming that these parties lost their privacy rights when they were sued by Reish, and, second, asserting that he seeks disciplinary documents from these files relating to alleged mishandling of records of his HR-78 proceedings. (Doc. 43.)

To the extent that Reish claims that he is entitled to wholesale discovery of these personnel files because these individuals forfeited their privacy rights when they were sued by Reish, we disagree. Defendants and witnesses do not forfeit their

personal privacy in personnel records when they are sued. Quite the contrary, courts

have long recognized that:

> Although personnel files are discoverable, they contain confidential information and discovery of them should be limited. See, e.g., Reagan-Touhy v. Walgreen Co., 526 F.3d 641, 648 (10th Cir.2008) ("Personnel files often contain sensitive personal information ... and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly.... This is not to say personnel files are categorically out-of-bounds."); Miles v. Boeing Co., 154 F.R.D. 112, 115 (E.D.Pa.1994) ("[P]ersonnel files are confidential and discovery should be limited."). The Court must weigh the right to relevant discovery against the privacy interest of non-parties. The Court finds that Plaintiff is not entitled to the entire personnel records of all the individuals without a more particularized showing of relevance

Harris v. Harley-Davidson Motor Co. Operations, Inc, No. 09-1449, 2010 WL

4683776, *5 (M.D.Pa Nov. 10, 2010). Miles v. Boeing Co., 154 F.R.D. 112, 115

(E.D. Pa. 1994)("personnel files are confidential and discovery should be limited.").

However, to the extent that Reish alleges that he seeks disciplinary documents

relating to alleged mishandling of records of his HR-78 proceedings from these

personnel files, Reish sets forth an appropriately defined discovery request.

Therefore, we will grant this request, in part, and direct the Defendants to disclose

any performance evaluations and disciplinary records relating to these Penn State

employees from 2006 through 2010. To the extent that no such records exist, the

Defendants shall certify the non-existence of these records, which shall constitute a

complete response to this particular inquiry. <u>See, e.g., AFSCME District Council 47</u>

<u>Health and Welfare Fund v. Ortho-McNeil-Janssen Pharmaceuticals, Inc</u>., No. 08-

5904, 2010 WL 5186088 (E.D.Pa. Dec. 21, 2010); <u>Knauss v. Shannon</u>, No. 08-1698,

2009 WL 975251 (M.D.Pa. April 9, 2009).

### 3.    Reish's General Request For "Additional Documents" Lacks Sufficient Detail to Compel Production of Specific Material

Reish has also filed an omnibus discovery request which makes a general,

unspecified demand for "additional documents." (Doc. 48.) While the scope of

discovery permitted by Rule 26 embraces all "relevant information" a concept which

is defined broadly, a party moving to compel discovery still bears the initial burden

of proving the relevance of the requested information. <u>Morrison v. Philadelphia</u>

<u>Housing Auth</u>., 203 F.R.D. 195, 196 (E.D.Pa. 2001). Here, Reish has made no proffer

of relevance. Therefore, he may not simply demand disclosure of additional, and

unspecified, documents. Of course, Rule 26(e) of the Federal Rules of Civil

Procedure imposes an on-going obligation on all parties to promptly disclose any

relevant documents they may uncover. However, this obligation does not translate

into an entitlement to all documents and records possessed by a party. Since Reish's

undefined demand for additional documents is tantamount to a limitless discovery

request it must, therefore, be denied.

**4.**  **The Court Will Treat Reish's Request to Have the Defendants' Answer and His HR-78 Charges Thrown Out As a Request for Spoliation Sanctions and Will Deny That Request Without Prejudice**

Finally, Reish has filed a motion which describes the alleged destruction of documents, and then demands that "the HR-78 charges [be] thrown out as well as the Answer of Defendants." (Doc. 46.) While the precise tenor of this motion is unclear, we will regard Reish's motion as a request for spoliation sanctions, and will deny that motion without prejudice since Reish's pleadings do not carry his burden of proof on the question of whether any culpable spoliation has occurred here.

Evidentiary rulings, including rulings regarding whether a spoliation inference is appropriate, rest in the sound discretion of the court. Ward v. Lamanna, 334 F.App'x 487, 492 (3d Cir. 2009). That discretion is guided, however, by settled legal tenets, tenets which define both the fundamental nature of spoliation and the appropriate sanctions for acts of spoliation. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. Mosaid Techs., Inc. v. Samsung Elecs. Co., Ltd., 348 F.Supp.2d 332, 335 (D.N.J.2004)." Fortune v. Bitner.

No. 01-111, 2006 WL 839346, *1 (M.D.Pa. March 29, 2006); see Ogin v. Ahmed,

563 F.Supp.2d. 539, 542 (M.D. Pa. 2008). In assessing a spoliation claim:

> [R]elevant authority requires that four (4) factors be satisfied for the rule
> permitting an adverse inference instruction to apply: 1) the evidence in
> question must be within the party's control; 2) it must appear that there
> has been actual suppression or withholding of the evidence; 3) the
> evidence destroyed or withheld was relevant to claims or defenses; and
> 4) it was reasonably foreseeable that the evidence would later be
> discoverable. Mosaid, 348 F.Supp.2d at 336  citing Brewer, 72 F.3d at
> 334; Scott v. IBM Corp., 196 F.R.D. 233, 248-50 (D.N.J.2000); Veloso
> v. Western Bedding Supply Co., 281 F.Supp.2d 743, 746 (D.N.J.2003).
> Additionally, the United States District Court for the District of New
> Jersey recognized: "While a litigant is under no duty to keep or retain
> every document in its possession, even in advance of litigation, it is
> under a duty to preserve what it knows, or reasonably should know, will
> likely be requested in reasonably foreseeable litigation." Mosaid, 348
> F.Supp.2d at 336  (quoting Scott, 196 F.R.D. at 249).

Ogin, 563 F.Supp.2d at 543.

Thus, "[a] party which reasonably anticipates litigation has an affirmative duty to

preserve relevant evidence. Baliotis v. McNeil, 870 F.Supp. 1285, 1290

(M.D.Pa.1994). Where evidence is destroyed, sanctions may be appropriate, including

the outright dismissal of claims, the exclusion of countervailing evidence, or a jury

instruction on the 'spoliation inference.' This inference permits the jury to assume

that 'the destroyed evidence would have been unfavorable to the position of the

offending party.' Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 78 (3d

Cir.1994)." Howell v. Maytag, 168 F.R.D. 502, 505 (M.D.Pa. 1996)

13

If the Court finds that there is a culpable destruction or spoliation of evidence, the question then becomes determining the appropriate sanction for this act of spoliation. In this respect:

> The United States Court of Appeals for the Third Circuit has applied three (3) key considerations to determine whether a sanction for spoliation of evidence is appropriate. <u>Schmid</u>, 13 F.3d at 79. The considerations are: 1) the degree of fault of the party who altered or destroyed the evidence; 2) the degree of prejudice suffered by the opposing party; and 3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future. <u>Id</u>. When appropriate, a court may impose any potential sanction including: 1) dismissal of a claim or granting judgment in favor of a prejudiced party; 2) suppression of evidence; 3) an adverse inference, referred to as the spoliation inference; 4) fines; and 5) attorneys' fees and costs. <u>Mosaid</u>, 348 F.Supp.2d at 335.

<u>Ogin</u>, 563 F.Supp.2d at 545.

In this case, we find that Reish has not carried his threshold burden of showing any culpable spoliation of evidence at this time. Quite the contrary, the Defendants have made a substantial showing that no spoliation has occurred here, and that the document destruction that Reish claims took place either never occurred or was a function of routine document destruction policies. Since Reish has not carried his threshold burden of demonstrating culpable spoliation of evidence, we will deny this motion at this time, but we deny this motion without prejudice to Reish renewing a spoliation motion if he possesses further competent proof of spoliation.

14

### III.   Conclusion

For the foregoing reasons, Reish's motions for discovery, (Docs. 40, 42, 44, 46, 48, 50) are GRANTED in part and DENIED in part as follows:

1.   The motions for discovery filed as Docs. 40, 44, 46, 48 and 50 are DENIED.

2.   The motion for discovery filed as Doc. 42, is GRANTED with respect to any performance evaluations and disciplinary records relating to Susan Rutan, Gregory Anderson and Steve Brisker employees from 2006 through 2010. To the extent that no such records exist, the Defendants shall certify the non-existence of these records, which shall constitute a complete response to this particular inquiry. In all other respects, the motion is DENIED.

So ordered this 24th  day of May, 2011.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge