# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN REISH,** | Civil No. 4:09-CV-1273 |
| **Plaintiff,** | |
| | (Judge Jones) |
| v. | |
| | (Magistrate Judge Carlson) |
| **PENNSYLVANIA STATE** | |
| **UNIVERSITY, et al.,** | |
| **Defendants.** | |

## MEMORANDUM OPINION AND ORDER

### I.   Statement of Facts and of the Case

This is an employment discrimination action brought by John Reish against the Pennsylvania State University and other individual defendants. (Doc. 1.) In his complaint Reish alleges that the defendants engaged in acts of age discrimination against him in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, and the Pennsylvania Human Relations Act, 43 Pa.C.S. § 951. (Id.)

According to Reish's complaint, in 2006 the plaintiff was employed as a supervisor in the Office of Physical Plant at the Pennsylvania State University, where he was responsible for the maintenance and upkeep of Penn State facilities. In 2006, the parties agree that Penn State commenced progressive disciplinary proceedings, referred to by the acronym HR-78 proceedings, against Reish, proceedings that

culminated in Reish's demotion. While the parties agree to these facts, their interpretation of these events is the stuff of this litigation.

For his part, Reish insists that these HR-78 proceedings masked an attempt to discriminate and retaliate against him because of his age and his assertion of his rights. Reish further alleges that, following these proceedings, Penn State officials engaged in elaborate efforts to conceal and cover-up these alleged discriminatory practices. Penn State, in turn, asserts that this disciplinary proceeding was nothing more than an effort to use progressive discipline to address work-place deficiencies by Reish, and the events which Reish sees as proof of a conspiratorial cover-up are nothing more than enforcement of routine document destruction policies.

Reish seeks damages to compensate him for the harms he alleges that he experienced at the hands of the defendants, including compensation for physical and emotional distress that he suffered. (Doc. 1.) Because the allegations in Reish's complaint placed his physical and emotional health sqaurely at issue, we directed Reish to execute health care provider forms, authorizing the release of medical records to the defendants. Reish has now filed a motion, styled motion for discovery, which seeks the return of these forms. Reish' motion is bereft of any legal citation and simply alleges that the forms should be returned because the discovery deadline in this case has now passed.

The motion has been fully briefed by the parties. (Docs. 63, 64, and 69.) For the reasons set forth below, the motion will be denied, but the defendants are directed to provide the plaintiff with copies of any medical records they receive pursuant to these authorizations.

**II.     Discussion**

Several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, the scope of discovery is defined by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)( C ).

Fed. R. Civ. P. 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery will be disturbed only

upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches only "nonprivileged matter that is relevant to any party's claim or defense." Therefore, valid claims of relevance and privilege still cabin and restrict the Court's discretion in ruling on discovery issues. Furthermore, the scope of discovery

permitted by Rule 26 embraces all "relevant information" a concept which is defined in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

One other rule defines the Court's discretion in discovery matters. Parties have an on-going responsibility to supplement their discovery disclosures. Rule 26 of the Federal Rules of Civil Procedure imposes this obligation on all parties and provides that:

> (e) Supplementing Disclosures and Responses.
>
> (1) *In General.* A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the court

Fed. R. Civ. P. 26(e).

These principles control here and guide our resolution of this matter. Since the allegations set forth in Reish's complaint place his physical and emotional condition

squarely at issue in this case, the medical records sought by the defendants are relevant to this litigation, and are properly produced in this lawsuit. Therefore, Reish was appropriately directed to execute release forms for these records. See <u>Smith v. Central Dauphin School District</u>, No. 05-1003, 2007 WL 188569 (M.D. Pa. Jan. 22, 2007). Moreover, the defendants are entitled to continue to collect such records as part of the on-going discovery in this case, notwithstanding that the discovery deadline for conducting new discovery has now closed. The defendants, however, must remain mindful of the fact that Rule 26(e) of the Federal Rules of Civil Procedure imposes an on-going obligation on all parties to promptly disclose any relevant documents they may uncover.

III.   <u>Conclusion</u>

For the foregoing reasons, Reish's motion for discovery, which seeks the return of health care provider forms (Doc. 63) is DENIED but the defendants are directed to provide the plaintiff pursuant to Rule 26(e) of the Federal Rules of Civil Procedure with copies of any medical records they receive as a result of these authorizations.

So ordered this 5th day of July, 2011.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge