IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN REISH, | : | 4:09-cv-1273 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| PENNSYLVANIA STATE | : | |
| UNIVERSITY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

**March 29, 2012**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation

("R&R") of Magistrate Judge Martin C. Carlson (Doc. 92), filed on March 8, 2012,

which recommends that the Defendants' Motion for Summary Judgment (Doc. 70)

be granted and that this case be closed.  Neither Plaintiff nor Defendants have filed

objections to the R&R and the time to do so has lapsed.[1]   For the reasons set forth

below, the Court will adopt the R&R.

---

[1] Objections were due by March 26, 2012.

I.   **STANDARD OF REVIEW**[2]

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985).  According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).  "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).  The Court's examination of this case confirms the Magistrate Judge's determinations.

II.   **FACTUAL BACKGROUND**

This is an employment discrimination action brought by Plaintiff John Reish ("Plaintiff" or "Reish") against the Pennsylvania State University ("Penn State")

---

[2] Magistrate Judge Carlson sets forth the standard applicable to summary judgment motions at pages 14 to 19 of his R&R.

and two individual defendants, Susan Rutan ("Rutan") and Greg Andersen

("Andersen").  Plaintiff alleges violations of the Age Discrimination in

Employment Act ("ADEA"), 29 U.S.C. § 621, and the Pennsylvania Human

Relations Act, 43 Pa. C. S. § 951.

Magistrate Judge Carlson undertook an exhaustive recitations of the facts

giving rise to this matter at pages 1 to 13 of his R&R.  Thus, we shall not endeavor

to repeat the same herein but shall summarize the salient facts for the purposes of

completeness.  Plaintiff was employed as a Supervisor of Area Services, a division

within the Office of the Physical Plant at Penn State. In this position, Reish was

responsible for the routine maintenance and upkeep of the buildings and grounds

within a certain area of the University Park campus of Penn State.  Andersen was

Plaintiff's immediate supervisor and was responsible for evaluating Plaintiff's

work.  Andersen consistently rated Reish as an adequate, but not outstanding

employee.  However Plaintiff alleges that Andersen discriminated and retaliated

against him when Plaintiff refused to terminate the employment of a custodial

employee named William Sotter who Andersen suggested was too old for his job.

Beginning in 2005 and continuing through the fall of 2006, Reish's

supervisors conducted several meetings with him relating to job performance issues

in Reish's role as a supervisor in the Area Services department.  Various issues

raised in these meetings included Reish's inappropriate use of  maintenance funds
to buy a food science water softener as well as making inappropriate purchases on
work orders and using building maintenance funds for capital expenditures.  Based
on these various violations of Penn State policies by Reish, in 2006, Defendants
Rutan, Andersen and other officials began disciplinary proceedings against him.
Reish was placed on administrative leave without pay beginning July 20, 2006 and
did not work at Penn State between that date and August 27, 2006.

In August of 2006, Reish accepted a position as a Construction Quality
Representative (CQR) with Penn State's Office of Physical Plant's division of
Construction Services.  This new position represented a demotion for Reish and
entailed job duties that required neither budgetary management nor supervision of
personnel, two areas previously deemed problematic for Reish by Penn State
officials.  Reish was told by Rutan that if he did not accept the offered position, or
resign, that Penn State would pursue summary dismissal proceedings against him.
Reish ultimately accepted the position and kept it until he retired from employment
with Penn State on February 28, 2011.  At the time of his retirement, Reish received
full payment for all eligible accrued benefits, including vacation pay and he was not
denied any benefits in connection with the discipline he received in 2006.

4

Prior to his retirement, in December of 2007, Reish filed a charge with the EEOC, which was ultimately dismissed by the EEOC in April of 2009.  Reish then filed this lawsuit on July 24, 2009, which focuses exclusively upon his 2006 demotion.  In his complaint and in subsequent discovery depositions, Reish stated that he believed that he was a victim of discrimination, harassment or retaliation because of his demotion in July 2006.  However, Reish also acknowledged a number of facts that seem to contradict his claims, including: stating that prior to July 2006 he had never observed or been told that the defendants ever discriminated against anyone based on their age; acknowledging that he does not believe that Penn State generally discriminates against people based on their age; admitting that he is not aware of any campaign by Penn State to hire younger employees to purge itself of older workers; and conceding that he was not aware of any employees who are substantially younger than him being hired in the Office of Physical Plant.

## III.   DISCUSSION

With these undisputed facts in mind, Magistrate Judge Carlson undertook an exhaustive analysis of the Defendants' summary judgment motion and made several recommendations.  As we have noted previously, neither the Plaintiff nor the Defendants have filed objections to the R&R.  Because we agree completely with

Magistrate Judge Carlson's cogent and thorough analysis of the Plaintiff's claims,

we shall only highlight the salient recommendations of the Magistrate Judge.

First, Magistrate Judge Carlson recommends summary judgment on the

Plaintiff's employment discrimination claims because they are clearly time-barred.

Further, with respect to Plaintiff's age discrimination claim, Magistrate Judge

Carlson concludes that Reish has failed to carry his burden of proof, specifically

finding that Reish has not shown that there are disputed issues of material fact to

support his assertions that Penn State officials took actions against him with the

intent to discriminate against him due to his age.  Rather, the record is replete with

evidence showing that Penn State officials were motivated by work performance

problems, which are largely conceded by Reish, when they disciplined and demoted

him.  As aptly noted by the Magistrate Judge, these thoroughly documented job

performance issues, which are essentially uncontested by Reish, both wholly

undermine Reish's *prima facie* showing of discrimination and persuasively

demonstrate that Penn State had a legitimate, nondiscriminatory reason for the

adverse employment decision.  Similarly, Reish's retaliation and hostile work

environment claims also fail because he simply has not asserted facts giving rise to

actionable claims of these types.  Finally, the Magistrate Judge recommends that we

decline to exercise supplemental jurisdiction over Plaintiff's state law wage and

hour claim inasmuch as he recommends summary judgment as to all of Plaintiff's federal claims of original jurisdiction. *See* 28 U.S.C. § 1367(c)(3).

As we have already mentioned, neither the Plaintiff nor the Defendants have filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*. An appropriate Order shall issue.